**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JOSE A. JIMENEZ, 1028536,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:04-CV-1243-M |
| ) | |
| **DOUGLAS DRETKE, Director, Texas** ) | |
| **Department of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Douglas Dretke, Director of the TDCJ-CID.

**Statement of the Case:** On February 8, 2001, Petitioner pled guilty to aggravated assault and injury to a child. *State of Texas v. Jose Antonio Jimenez*, Nos. F-0070666-VS and F-0070595-PS, (282nd Jud. Dist. Ct., Dallas County, Tex., Feb. 8, 2001). Petitioner was sentenced to serve fifteen-year and twenty-year terms of imprisonment, respectively. On June 20, 2002,

the Fifth District Court of Appeals affirmed Petitioner's convictions. *Jimenez v. State*, Nos. 05-01-00738-CR and 05-01-00739-CR (Tex. App. – Dallas, pet. ref'd). On October 23, 2002, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Jimenez v. State*, PDR No. 1410-02.

On October 3, 2002, Petitioner filed a federal habeas petition challenging a disciplinary proceeding. *Jimenez v. TDCJ*, 5:02-CV-216-DF (E.D. Tex. Oct. 3, 2002). On November 5, 2004, the court dismissed the petition.

On December 31, 2003, Petitioner filed two state applications for writ of habeas corpus. *Ex parte Jimenez*, Application Nos. 58, 284-01 and -02. On May 19, 2004, the Court of Criminal Appeals denied the applications. *Id*. at cover.

On June 8, 2004, Petitioner filed this federal petition. On June 15, 2004, he filed an amended petition. He argues: (1) his guilty plea was not knowingly and voluntarily entered; (2) the deadly weapon finding should be deleted from the judgment; (3) he received ineffective assistance of trial counsel; and (4) he is actually innocent of the aggravated assault case.

**Discussion:** Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1217, there are limited circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003), *cert. denied*, 540 U.S. 910 (2003), (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

In this case, Petitioner knew of his claims regarding his convictions at the time he filed his first federal habeas petition. Further, even if these claims were unexhausted at the time he filed his first federal habeas petition, he was required to bring these claims in that petition. *See Crone*, 324 F.3d at 837-38 (finding that the Fifth Circuit has "long held that under an abuse of the writ standard, 'the sole fact that the new claims were unexhausted will not excuse their omission.'" (citations omitted)). Because this petition contains claims that could have been presented in Petitioner's first federal habeas petition, the petition is successive under 28 U.S.C. § 2244(b).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of 2244(b). 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive application, the petitioner must show the application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed November 30, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Petitioner. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).